John Maloney
GRAHAM CURTIN
A Professional Association
4 Headquarters Plaza
P.O. Box 1991
Morristown, New Jersey 07962-1991
(973) 292-1700
Attorneys for Defendant
The Travelers Indemnity Company
(incorrectly sued as Travelers Insurance Company Inc.)

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| E.M. SERGEANT PULP & CHEMICAL CO., INC. AND SERGEANT CHEMICAL COMPANY, | Civil Action No. _____ |
| Plaintiffs, | |
| v. | |
| TRAVELERS INSURANCE COMPANY INC. AND COLUMBIA INSURANCE COMPANY, | NOTICE OF REMOVAL |
| Defendants. | |

TO THE CLERK OF THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY:

PLEASE TAKE NOTICE that, on this date, defendant The Travelers Indemnity

Company (incorrectly sued as Travelers Insurance Company Inc.) ("Travelers"), by its

undersigned counsel, files this Notice of Removal pursuant to 28 U.S.C. § 1441 and 28 U.S.C. §

1446, removing this entire action from the Superior Court of New Jersey, Law Division, Bergen

County to the United States District Court for the District of New Jersey.  This Court has original

jurisdiction over this matter pursuant to 28 U.S.C. § 1332, the diversity jurisdiction statute.

In support of this Notice of Removal, Travelers states as follows:

1429728_1

## PROCEDURAL BACKGROUND

1.      On January 18, 2012, an action entitled <u>E.M. Sergeant Pulp & Chemical Co., Inc., et al. v. Travelers Ins. Co., et al.</u>, docket no. BER-L-850-12, was commenced in the Superior Court of the State of New Jersey, Bergen County ("the State Court Action").  The Complaint was served upon Travelers on February 21, 2012.  A true and correct copy of the Complaint filed in the State Court Action is attached hereto as Exhibit A.  <u>See</u> 28 U.S.C. § 1446(a).  No other pleadings, orders or processes have been served upon Travelers.  Travelers is unaware of any state court pleadings in this matter beyond the attached Complaint and the summons that accompanied it.

## PARTIES

3.      Plaintiff E.M. Sergeant Pulp & Chemical Co., Inc. is a corporation organized and existing under the laws of the State of New York and has its principal place of business in Clifton, New Jersey.  (See Complaint, Ex. A, at ¶1).

4.      Plaintiff Sergeant Chemical Company is a dissolved corporation that was organized and formerly existed under the laws of the State of New Jersey.  (See Complaint, Ex. A, at ¶2).

5.      Defendant The Travelers Indemnity Company (incorrectly sued as Travelers Insurance Company) is a corporation organized and existing under the laws of the State of Connecticut and has its principal place of business in Hartford, Connecticut.

6.      Neither plaintiffs nor Travelers knows the location of defendant Columbia Insurance Company.  (See Complaint, Ex. A, at ¶4).

7.     Accordingly, insofar as the location of the parties is known, there is complete diversity between plaintiffs and the defendants in this case.

## GROUNDS FOR REMOVAL

8.     The basis for removal is 28 U.S.C. § 1441, which generally authorizes removal of actions over which the district courts of the United States would have original jurisdiction.

9.     The Court has original jurisdiction over this case pursuant to 28 U.S.C. § 1332, the diversity jurisdiction statute, which states that the "district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between citizens of different States." 28 U.S.C. § 1332(a)(1).

9.     The amount in controversy exceeds $75,000. Plaintiffs claim that they have been "damaged and will continue to suffer damages until Travelers provides the insurance coverage and defense of all claims as required by the terms of the parties' agreements," (see Complaint, Ex. A, at ¶ 19), and allege causes of action for (a) breach of contract and (b) breach of the duty of good faith and fair dealing against Travelers. Based on these allegations, plaintiffs seek "compensatory and punitive damages, with pre-judgment interest, costs, attorneys' fees and such other relief as the Court deems just and proper." (See Complaint, Ex. A, at "Wherefore" clause). Additionally, plaintiffs' pre-suit correspondence to Travelers indicates potential damages in excess of $75,000.

10.     Further, claims for punitive damages and attorneys' fees may be aggregated with claims for compensatory damages for purposes of satisfying the amount in controversy for diversity jurisdiction. See Goralski v. Shared Techs., Inc., 2009 U.S. Dist. Lexis 69042, *15-16 (D.N.J. 2009).

11.     The amount in controversy thus exceeds $75,000.  See 28 U.S.C. § 1332(a).

TIMELINESS

12.     Removal pursuant to 28 U.S.C. § 1441 is timely because removal pursuant to that provision is permissible within 30 days after receipt of a copy of the initial pleading on the defendant, which occurred on February 21, 2012.

13.     Nothing in this Notice shall constitute a waiver of Travelers right to object to service or jurisdiction.

FILING WITH STATE COURT

14.     Travelers will file promptly a copy of this Notice of Removal with the Clerk of the Superior Court of New Jersey, Law Division, Bergen County, where the action has been pending, and will serve the same upon all adverse parties as required by 28 U.S.C. § 1446(d).

WHEREFORE, defendant The Travelers Indemnity Company (incorrectly sued as Travelers Insurance Company) respectfully submits this Notice of Removal removing this case from the Superior Court of New Jersey, Law Division, Bergen County, to this Court.

Dated:  March 20, 2012

*/s/ John Maloney*
John Maloney
GRAHAM CURTIN
A Professional Association
4 Headquarters Plaza
P.O. Box 1991
Morristown, New Jersey 07962-1991
Telephone:  (973) 292-1700
Facsimile:   (973) 292-1767

Attorneys for Defendant
The Travelers Indemnity Company
(incorrectly sued as Travelers Insurance
Company Inc.)

1429728_1

# Exhibit A

JOSEPH A. FERRIERO, P.C.
50 Main Street, Suite 6
P.O. Box 157
Hackensack, New Jersey 07601
(201) 669-2929
*Attorney for Plaintiffs*

<table>
<tr><td>

E. M. SERGEANT PULP &<br>
CHEMICAL CO., INC. AND<br>
SERGEANT CHEMICAL COMPANY,

Plaintiffs,

v.

TRAVELERS INSURANCE<br>
COMPANY INC.AND COLUMBIA<br>
INSURANCE COMPANY.

Defendants.

</td><td>

SUPERIOR COURT OF NEW JERSEY<br>
LAW DIVISION: BERGEN COUNTY<br>
DOCKET NO.: L - 850 - 12

CIVIL ACTION

**COMPLAINT FOR DECLARATORY**
**JUDGMENT AND JURY DEMAND**



</td></tr>
</table>

Plaintiffs E. M. SERGEANT PULP & CHEMICAL CO. INC. a New York Corporation and

SERGEANT CHEMICAL COMPANY INC., a New Jersey Corporation by and through their

counsel, file this action for Declaratory Judgment against the above-named defendants and states as

follows:

**The Parties**

1.     Plaintiff, E. M. SERGEANT PULP & CHEMICAL CO. INC., hereinafter

referred to as "E. M.", is a New York corporation, with its main office located at 9 Chelsea Road,

Clifton, New Jersey.

1

2.      Plaintiff, SERGEANT CHEMICAL COMPANY, hereinafter referred to as "SERGEANT", was a New Jersey corporation which was dissolved on September 4, 1981.

3.      Defendant, TRAVELERS INSURANCE COMPANY, hereinafter referred to as "TRAVELERS", is an insurance company with, upon information and belief, offices located at 6 Century Drive, Parsippany, New Jersey.   TRAVELERS has provided insurance to E.M. and SERGEANT.  The insurance policies at issue in this litigation was effective from various dates, including but not limited to, 1943, 1945, 1946, 1947, 1948, 1949, 1950, and 1955 through 1964.

4.      Defendant COLUMBIA INSURANCE COMPANY, hereinafter referred to as "COLUMBIA", is an insurance company that has provided insurance to Plaintiffs E. M. and SERGEANT.   However, Plaintiffs do not know the location of the principal offices of this company at this time.   The insurance policies at issue in this litigation were effective from various dates, including but not limited to, 1948 through 1952 and 1955 through 1963.

<u>Factual Background</u>

5.      On or about February 4, 2009, E. M. was named as a Third Party Defendant by MAXUS ENERGY CORPORATION and TIERRA SOLUTIONS, INC. in a lawsuit in the Superior Court of New Jersey, Law Division, Essex County under Docket Number L-009868-05.

6.      The Third Party Complaint seeks damages under the New Jersey Spill Compensation and Control Act, <u>N.J.S.A.</u> 58:10-23.11 et seq. for alleged environmental discharges, and contribution and costs in connection with the initial action brought by the New Jersey Department of Environmental Protection and the Administrator of the New Jersey Spill Compensation Fund.

2

7.      Plaintiff has also previously received notices in September 2003 and May 2, 2005 from the United States Environmental Protection Agency that it is a Potential Responsible Party under 42 USCA 9601 et seq.

8.      Counsel for Plaintiffs notified Defendant TRAVELERS that a Third Party Complaint had been filed against Plaintiff and provided TRAVELERS with copy of same. Counsel further provided notice to TRAVELERS of the potential claims under 42 USCA 9601 et. seq.

9.      The occurrences allegedly occurred during the effective periods of the policies issued by TRAVELERS and/or constitute a claim based on continuous trigger.

10.     Defendant TRAVELERS denied coverage for both matters.

11.     Plaintiffs objected to Defendant's denial of coverage.

12.     The aforementioned law suit under Docket Number L-009868-05 has continued, as has Plaintiffs' exposure under 42 USCA 9601 et seq., and Defendant TRAVELERS has not provided coverage or a defense for these claims.

## COUNT I

### Breach of Contract against TRAVELERS

13.     Plaintiffs repeats the allegations contained in paragraphs 1 through 11 of the Complaint as if fully set forth at length herein.

14.     On or about numerous dates, including but not limited to, the years set forth herein, Plaintiffs and TRAVELERS entered into agreements to provide insurance coverage.

15.     Plaintiffs' insurance agreements with TRAVELERS were in effect during the claims alleged in the aforementioned litigation.

3

16.     Pursuant to the terms of Plaintiffs' policies, TRAVELERS was required to provide Plaintiffs with insurance coverage for the lawsuit and any future claims that may be made by the United States Environmental Protection Agency.

17.     TRAVELERS has refused to provide Plaintiffs with insurance coverage and to provide a defense for these claims.

18.     TRAVELERS is in breach of its insurance agreements with Plaintiffs.

19.     As a direct and proximate result of TRAVELERS' breach, Plaintiffs have been damaged and will continue to suffer damages until TRAVELERS provides the insurance coverage and a defense of all claims as required by the terms of the parties' agreements.

WHEREFORE, Plaintiffs demand that judgment be entered in this favor against TRAVELERS for compensatory damages, with pre-judgment interest, costs, attorneys' fees and such other relief as the Court deems just and proper.

## SECOND COUNT

### Breach of Duty of Good Faith and Fair Dealing against TRAVELERS

20.     Plaintiffs repeat the allegations in paragraph 1 through 18 of the Complaint as if fully set forth at length.

21.     Every contract in New Jersey contains an implied duty of good faith and fair dealing, which calls for the parties to a contract to refrain from doing anything that will have the effect of destroying or injuring the right of the other party to receive the benefits of the contract.

22.     TRAVELERS had an obligation to deal in good faith with Plaintiffs pursuant to its agreement to provide insurance coverage to Plaintiffs.

4

23.     TRAVELERS breached the duty of good faith and fair dealing by refusing to provide insurance coverage to Plaintiffs for the litigation and potential environmental claims under 42 USCA 9601 et seq.

24.     As a direct and proximate result of TRAVELERS' breach of the duty of good faith and fair dealing, Plaintiffs have suffered damages and will continue to do so until TRAVELERS provides the insurance coverage required by the terms of the parties' agreement.

WHEREFORE, Plaintiffs demand that judgment be entered in its favor against TRAVELERS for compensatory and punitive damages, with pre-judgment interest, costs, attorneys' fees and such other relief as the Court deems just and proper.

## COUNT III

### Breach of Contract against COLUMBIA

25.     Plaintiffs repeat the allegations in paragraph 1 through 23 of the Complaint as if set forth at length herein.

26.     On or about 1948, COLUMBIA and Plaintiffs entered into Insurance Agreements.

27.     COLUMBIA has breached the Insurance Agreements by failing to provide coverage to Plaintiffs for the claims alleged against Plaintiffs.

28.     COLUMBIA has failed to comply with the terms and conditions of Plaintiffs' policies with COLUMBIA.

29.     As a direct and proximate result of COLUMBIA's breaches of the Insurance Agreements, Plaintiffs have been damaged, and will continue to suffer damages until COLUMBIA provides the insurance coverage required by the terms of the parties' agreement.

WHEREFORE, Plaintiffs demand that judgment be entered in its favor against COLUMBIA for compensatory damages, with pre-judgment interest, costs, attorneys' fees and such other relief as the Court deems just and proper.

## COUNT IV

### Breach of Duty of Good Faith and Fair Dealing Against COLUMBIA

30.     Plaintiffs repeat the allegations in paragraphs 1 through 28 of the Complaint as if set forth at length herein.

31.     Every contract in New Jersey contains an implied duty of good faith and fair dealing, which calls for the parties to a contract to refrain from doing anything that will have the effect of destroying or injuring the right of the other party to receive the benefits of the contract.

32.     COLUMBIA had an obligation to deal in good faith with Plaintiffs pursuant to its agreements to provide insurance coverage to Plaintiffs.

33.     COLUMBIA breached the duty of good faith and fair dealing by refusing to provide insurance coverage to Plaintiffs for the aforementioned litigation and for the potential environmental claims under 42 USCA 9601 et seq.

34.     As a direct and proximate result of COLUMBIA's breach of the duty of good faith and fair dealing, Plaintiffs have suffered damages and will continue to do so until COLUMBIA provides the insurance coverage required by the terms of the parties' agreements.

WHEREFORE, Plaintiffs demand that judgment be entered in its favor against COLUMBIA for compensatory and punitive damages, with pre-judgment interest, costs, attorneys' fees and such other relief as the Court deems equitable and just.



LAW OFFICES OF JOSEPH A. FERRIERO
Attorneys for Plaintiff

By: _____
       Joseph A. Ferriero, Esq.

January 18, 2012

## JURY DEMAND

Plaintiff demands a trial by jury on all issues so triable herein.

LAW OFFICES OF JOSEPH A. FERRIERO
Attorneys for Plaintiffs

By: _____
       Joseph A. Ferriero, Esq.

January 18, 2012

## DESIGNATION OF TRIAL COUNSEL

Pursuant to Rule 4:25-4, Joseph A. Ferriero, Esq. is hereby designated as trial counsel of this matter.

LAW OFFICES OF JOSEPH A. FERRIERO
Attorneys for Plaintiffs

By: _____
       Joseph A. Ferriero, Esq.

January 18, 2012

## CERTIFICATION

I hereby certify pursuant to Rule 4:5-1 that the matter in controversy is not the subject of a any other Complaint pending in any Court or of a pending arbitration proceeding.  No such Complaint or arbitration proceeding is contemplated.

LAW OFFICES OF JOSEPH A. FERRIERO
Attorneys for Plaintiffs

By: _____
    Joseph A. Ferriero, Esq.

Dated: January 18, 2012

8

Appendix XII-B1



## CIVIL CASE INFORMATION STATEMENT (CIS)

Use for Initial Law Division
Civil Part pleadings (not motions) under *Rule* 4:5-1
Pleading will be rejected for filing, under *Rule* 1:5-6(c),
if information above the black bar is not completed
or attorney's signature is not affixed

| | |
|---|---|
| **FOR USE BY CLERK'S OFFICE ONLY** | |
| PAYMENT TYPE: ☐ CK ☐ CG ☐ CA | |
| CHG/CK NO. | |
| AMOUNT: | |
| OVERPAYMENT: | |
| BATCH NUMBER: | |

| ATTORNEY/PRO SE NAME<br>JOSEPH A. FERRIERO | TELEPHONE NUMBER<br>(201) 669-2929 | COUNTY OF VENUE<br>Bergen |
|---|---|---|
| FIRM NAME (if applicable)<br>LAW OFFICES OF JOSEPH A. FERRIERO P. C. | | DOCKET NUMBER (when available)<br>L-850-12 |
| OFFICE ADDRESS<br>50 MAIN STREET SUITE 6<br>P. O. BOX 157<br>HACKENSACK, NEW JERSEY 07602-0157 | | DOCUMENT TYPE<br>COMPLAINT |
| | | JURY DEMAND   ■ YES   ☐ No |

| NAME OF PARTY (e.g., John Doe, Plaintiff)<br>E.M. SERGEANT PULP & CHEMICAL CO INC & SERGEANT CHEMICAL COMPANY INC | CAPTION<br>EM SERGEANT PULP & CHEMICAL & SERGEANT CHEMICAL CO V. TRAVELERS INSURANCE COMPANY & COLUMBIA INSURANCE COMPANY |
|---|---|
| CASE TYPE NUMBER (See reverse side for listing)<br>505 | IS THIS A PROFESSIONAL MALPRACTICE CASE?   ☐ YES   ■ NO<br>IF YOU HAVE CHECKED "YES," SEE *N.J.S.A.* 2A:53-A-27 AND APPLICABLE CASE LAW REGARDING YOUR OBLIGATION TO FILE AN AFFIDAVIT OF MERIT. |
| RELATED CASES PENDING?   ☐ Yes   ■ No | IF YES, LIST DOCKET NUMBERS |
| DO YOU ANTICIPATE ADDING ANY PARTIES (arising out of same transaction or occurrence)?   ☐ Yes   ■ No | NAME OF DEFENDANT'S PRIMARY INSURANCE COMPANY (if known)<br>TRAVELERS INSURANCE COMPANY   ☐ NONE   ☐ UNKNOWN |

**THE INFORMATION PROVIDED ON THIS FORM CANNOT BE INTRODUCED INTO EVIDENCE.**

CASE CHARACTERISTICS FOR PURPOSES OF DETERMINING IF CASE IS APPROPRIATE FOR MEDIATION

| DO PARTIES HAVE A CURRENT, PAST OR RECURRENT RELATIONSHIP?   ■ YES   ☐ No | IF YES, IS THAT RELATIONSHIP:   ☐ EMPLOYER/EMPLOYEE   ☐ FRIEND/NEIGHBOR   ☐ OTHER (explain)<br>☐ FAMILIAL   ■ BUSINESS |
|---|---|

DOES THE STATUTE GOVERNING THIS CASE PROVIDE FOR PAYMENT OF FEES BY THE LOSING PARTY?   ■ YES   ☐ No

USE THIS SPACE TO ALERT THE COURT TO ANY SPECIAL CASE CHARACTERISTICS THAT MAY WARRANT INDIVIDUAL MANAGEMENT OR ACCELERATED DISPOSITION

Case needs to be accelerated since it is an insurance claim and Plaintiffs need coverage to defend a lawsuit and an environmental claim by EPA

RECEIVED
JAN 1 8 2012
SUPERIOR COURT OF NEW JERSEY
COUNTY OF BERGEN
FINANCE DIVISION

| DO YOU OR YOUR CLIENT NEED ANY DISABILITY ACCOMMODATIONS?   ☐ Yes   ■ No | IF YES, PLEASE IDENTIFY THE REQUESTED ACCOMMODATION |
|---|---|
| WILL AN INTERPRETER BE NEEDED?   ☐ Yes   ■ No | IF YES, FOR WHAT LANGUAGE? |

I certify that confidential personal identifiers have been redacted from documents now submitted to the court, and will be redacted from all documents submitted in the future in accordance with *Rule* 1:38-7(b).

ATTORNEY SIGNATURE:

Effective 09/20/2011, CN 10517-English



**Side 2**

# CIVIL CASE INFORMATION STATEMENT
## (CIS)
### Use for initial pleadings (not motions) under *Rule 4:5-1*

**CASE TYPES** (Choose one and enter number of case type in appropriate space on the reverse side.)

**Track I - 150 days' discovery**
- 151 NAME CHANGE
- 175 FORFEITURE
- 302 TENANCY
- 399 REAL PROPERTY (other than Tenancy, Contract, Condemnation, Complex Commercial or Construction)
- 502 BOOK ACCOUNT (debt collection matters only)
- 505 OTHER INSURANCE CLAIM (including declaratory judgment actions)
- 506 PIP COVERAGE
- 510 UM or UIM CLAIM (coverage issues only)
- 511 ACTION ON NEGOTIABLE INSTRUMENT
- 512 LEMON LAW
- 801 SUMMARY ACTION
- 802 OPEN PUBLIC RECORDS ACT (summary action)
- 999 OTHER (briefly describe nature of action)

**Track II - 300 days' discovery**
- 305 CONSTRUCTION
- 509 EMPLOYMENT (other than CEPA or LAD)
- 599 CONTRACT/COMMERCIAL TRANSACTION
- 603N AUTO NEGLIGENCE -- PERSONAL INJURY (non-verbal threshold)
- 603Y AUTO NEGLIGENCE -- PERSONAL INJURY (verbal threshold)
- 605 PERSONAL INJURY
- 610 AUTO NEGLIGENCE -- PROPERTY DAMAGE
- 621 UM or UIM CLAIM (includes bodily injury)
- 699 TORT -- OTHER

**Track III - 450 days' discovery**
- 005 CIVIL RIGHTS
- 301 CONDEMNATION
- 602 ASSAULT AND BATTERY
- 604 MEDICAL MALPRACTICE
- 606 PRODUCT LIABILITY
- 607 PROFESSIONAL MALPRACTICE
- 608 TOXIC TORT
- 609 DEFAMATION
- 616 WHISTLEBLOWER / CONSCIENTIOUS EMPLOYEE PROTECTION ACT (CEPA) CASES
- 617 INVERSE CONDEMNATION
- 618 LAW AGAINST DISCRIMINATION (LAD) CASES

**Track IV - Active Case Management by Individual Judge / 450 days' discovery**
- 156 ENVIRONMENTAL/ENVIRONMENTAL COVERAGE LITIGATION
- 303 MT. LAUREL
- 508 COMPLEX COMMERCIAL
- 513 COMPLEX CONSTRUCTION
- 514 INSURANCE FRAUD
- 620 FALSE CLAIMS ACT
- 701 ACTIONS IN LIEU OF PREROGATIVE WRITS

**Centrally Managed Litigation (Track IV)**

| | | |
|---|---|---|
| 280 ZELNORM | 290 | POMPTON LAKES ENVIRONMENTAL LITIGATION |
| 285 STRYKER TRIDENT HIP IMPLANTS | 291 | PELVIC MESH/GYNECARE |
| 288 PRUDENTIAL TORT LITIGATION | 292 | PELVIC MESH/BARD |
| 289 REGLAN | 293 | DEPUY ASR HIP IMPLANT LITIGATION |

**Mass Tort (Track IV)**

| | | |
|---|---|---|
| 248 CIBA GEIGY | 281 | BRISTOL-MYERS SQUIBB ENVIRONMENTAL |
| 266 HORMONE REPLACEMENT THERAPY (HRT) | 282 | FOSAMAX |
| 271 ACCUTANE/ISOTRETINOIN | 284 | NUVARING |
| 274 RISPERDAL/SEROQUEL/ZYPREXA | 286 | LEVAQUIN |
| 278 ZOMETA/AREDIA | 287 | YAZ/YASMIN/OCELLA |
| 279 GADOLINIUM | 601 | ASBESTOS |

If you believe this case requires a track other than that provided above, please indicate the reason on Side 1,
in the space under "Case Characteristics.

**Please check off each applicable category**   ☐ **Putative Class Action**   ☐ **Title 59**