IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| E.M. SERGEANT PULP & CHEMICAL CO., INC. AND SERGEANT CHEMICAL COMPANY,<br><br>Plaintiffs,<br><br>v.<br><br>THE TRAVELERS INDEMNITY COMPANY INC. AND COLUMBIA INSURANCE COMPANY,<br><br>Defendants. | Civil Action No. 2-12-cv-1741 (KM) (MCA)<br>Hon. Kevin McNulty, U.S.D.J.<br>Hon. Madeline Cox Arleo, U.S.M.J.<br><br>ORAL ARGUMENT REQUESTED<br><br>Document Electronically Filed |

BRIEF IN OPPOSITION TO TRAVELERS MOTION TO STRIKE
PLAINTIFF'S OPPOSITION TO TRAVELERS MOTION FOR SUMMARY JUDGMENT,
EXCLUDE PLAINTIFF'S PROPOSED EXPERT, AND FOR SACTIONS

Eric E. Tomaszewski
**GOLUB ISABEL & CERVINO, P.C.**
160 Littleton Road, Suite 300
Parsippany, New Jersey 07054
Tel:  973.968.3375
Fax:  973.968.3044
Attorneys for Plaintiff
E.M. Sergeant Pulp & Chemical Co., Inc.

# TABLE OF CONTENTS

**PAGE**

PRELIMINARY STATEMENT ..................................................................1

RELEVANT PROCEDURAL HISTORY ....................................................2

ARGUMENT ................................................................................................3

I. It Would be Patently Unjust to Deprive Sergeant the Right to Expert Testimony in This Case Because Additional Fact Discovery Was Conducted After the Expert Orders and Mr. Ferriero's Waiver of Expert Discovery, Which Led to Sergeant's Need for Expert Discovery ...3

II. Travelers' Histrionic Effort to Paint Sergeant as a Bad Actor is Without Basis ..................................................................................................4

III. The Factors Established by *Nicholas v. Pa. State Univ.* Clarify That Exclusion of Mr. Booth's Opinions is Not Warranted ...............................5

IV. Imposing Sanctions Against Sergeant or Mr. Ferriero Would be Patently Unjust ..................................................................................................6

CONCLUSION .............................................................................................7

# TABLE OF AUTHORITIES

**PAGE**

**Cases**

Conley v. Gibson, 355 U.S. 41, 48 (1975)..................................................................................7

Cross v. Fong Eu, 430 F. Supp. 1036, 1042 n. 8 (N.D. Cal. 1977) .................................................7

Kennedy v. Aro, Inc., 447 F. Supp. 1083 (E.D. Tenn. 1977) .........................................................7

Nicholas, 227 F.3d 133, 148 (3d Cir. 2000) .................................................................................5

Plaintiff E.M. Sergeant Pulp & Chemical Company, Inc. ("Sergeant") respectfully submits this brief in opposition to Defendant The Travelers Indemnity Company's ("Travelers") motion (a) to strike Sergeant's opposition to Travelers' pending motion for summary judgment, (b) to exclude Sergeant's proposed expert, and (c) for sanctions pursuant to Fed. R. Civ. P. 16(f), 28 U.S.C. § 1927 and/or the Court's inherent powers ("Motion to Strike").

## PRELIMINARY STATEMENT

This litigation has admittedly had a long and arduous case management history spanning several different judges and a multitude of case management orders. That case management history has most recently been further complicated by the serious personal problems suffered by Sergeant's former counsel, Joseph A. Ferriero. Notwithstanding the long and winding road by which the Court and both parties have traveled, Sergeant respectfully requests that this Court not lose sight of what should be the final destination of this litigation: reaching a determination *as to the merits* of Sergeant's claims against Travelers.

In bringing its Motion to Strike, Travelers asks this Court to abruptly cease this litigation, stopping short of a determination on the merits, because, in March 2013, Sergeant apparently waived its right to present expert testimony. Sergeant cannot dispute the prior entry of Court's March 6, 2013 and August 9, 2013 Orders (the "Expert Orders") or Mr. Ferriero's waiver of expert discovery. What Travelers asks this Court to ignore, however, is that fact discovery did proceed for *more than a year* after that waiver of expert discovery, and, during that period of additional fact discovery, Travelers produced documents and witnesses that precipitated the need for an expert witness. Only after receiving Travelers' exemplar form policies and taking the testimony of Travelers' representative Robert J. Harris, who expertly testified as to what could or could not be gleamed from those forms, could Sergeant have understood that it would be

necessary to engage its own expert to interpret those form policies and to rebut the testimony of Mr. Harris.

Considering the path that this litigation has taken, Sergeant respectfully submits that it would be completely arbitrary to abruptly cease that journey when, by taking just a few more steps, the Court may finally reach a determination on the merits of Sergeant's claims. Further, Sergeant respectfully submits that it would be patently unjust to hold Sergeant at the mercy of the Expert Orders and Mr. Ferriero's waiver when, at that time, neither Sergeant nor Mr. Ferriero had in their possession all of the discovery necessary to make a determination as to the need for an expert witness. For those reason, Sergeant respectfully requests that: (a) Travelers' Motion to Strike be denied; (b) that the Court consider Sergeant's opposition to Travelers' motion for summary judgment, including the affidavit of Henry Booth; and (c) that the Court set a schedule for Travelers to submit a reply to Sergeant's opposition, including a brief opportunity for expert discovery should the Court deem that necessary.

## RELEVANT PROCEDURAL HISTORY[1]

Sergeant takes no issue with the procedural chronology provided in Travelers' Motion to Strike, although it does object to Travelers' characterization of that procedural history as explained herein. Of additional relevance with respect to this motion are the criminal proceedings against Sergeant's former counsel, Mr. Ferriero, which began with his indictment on September 11, 2013 and culminated in his April 16, 2015 conviction on charges for bribery, fraud, and racketeering. (*See* Federal Bureau of Investigation Press Releases, attached as Exhibits A and B to the Declaration of Eric E. Tomaszewski ("Tomaszewski Dec."). Following that conviction, Sergeant filed a Consent Order Granting Substitution of Attorney substituting

---

[1] A recitation of the relevant factual history is unnecessary for purposes of this motion. However, should the Court wish to review that factual history, Sergeant refers to its brief in opposition to Travelers' motion for summary judgment. [insert ECF reference].

{10002-10002-1/00184579-1}               2

the undersigned attorney, Eric E. Tomaszewski, as counsel of record in place of Mr. Ferriero on June 5, 2015. ([ECF 84]).

## ARGUMENT

I. **It Would be Patently Unjust to Deprive Sergeant the Right to Expert Testimony in This Case Because Additional Fact Discovery Was Conducted After the Expert Orders and Mr. Ferriero's Waiver of Expert Discovery, Which Led to Sergeant's Need for Expert Discovery.**

During fact discovery in this matter, Sergeant and Travelers produced documents and witness at varying times. Most relevant to this particular motion, Travelers responded to Sergeant's First Set of Interrogatories and First Request for Production of Documents and Items on February 20, 2013. (*See* Ex. C to Tomaszewski Dec.). Along with those responses, Travelers produced nearly one thousand (1,000) pages of documents, which essentially represented its claim file for Sergeant's claim for insurance coverage.[2] At the time of the March 6, 2013 Order and Mr. Ferriero's representation as to the need for expert discovery, Sergeant had been in possession of Travelers' discovery response and document production for less than two weeks.

Nearly a year later, on January 28, 2014, Travelers produced fact witnesses, including Mr. Harris, who testified about Travelers' document/policy searches and document retention practices. (*See* transcript of deposition of Robert J. Harris, attached as Ex. O to the Declaration of John Maloney submitted in support of Travelers' Motion for Summary Judgment ([ECF 60-2]. Mr. Harris, while technically a fact witness, also possesses the type of highly specialized knowledge that could only be possessed by an insurance industry expert, and Travelers specifically relied on his testimony in its motion for summary judgment -- in particular his testimony regarding exemplar form policies and the information that could or could not be gleamed from them. *See* Brief in Support of Travelers Motion for Summary Judgment [ECF 60-

---

[2] Sergeant has omitted these documents for purposes of this motion due to their volume, but, should the Court desire to review these documents, they can certainly be provided.

{10002-10002-1/00184579-1} 3

1], p. 14. Those exemplar form policies, which Sergeant intends to use to demonstrate the terms and conditions of the insurance policies issued to Sergeant, were not produced until after Mr. Harris' deposition, in response to requests made by Mr. Ferriero during the deposition.

In short, Sergeant could not possibly have known of its need for an expert witness at the time of the Expert Orders or Mr. Ferriero's waiver of expert discovery. At the time of that waiver, Sergeant had only been in possession of any discovery from Travelers for less than two weeks. More importantly, the most relevant discovery, that which related to Travelers' exemplar form policies and their interpretation, was not produced until Mr. Harris' deposition and afterwards. Mr. Booth's affidavit is essentially a rebuttal of the highly specialized testimony offered by Mr. Harris with respect to documents that were not produced until after Mr. Ferriero's waiver. Travelers' reliance on Mr. Harris' testimony in its motion for summary judgment necessitated submission of Mr. Booth's affidavit. While acknowledging that Mr. Booth's affidavit may be somewhat untimely, it would be patently unjust for the Court to exclude Mr. Booth's opinions on the basis of the Expert Orders and an apparent waiver of expert discovery, which far preceded the very fact discovery that created the need for those expert opinions.

## II. Travelers' Histrionic Effort to Paint Sergeant as a Bad Actor is Without Basis.

Travelers' suggests that Sergeant repeatedly requested extensions of time in order to (a) complete discovery due to its procrastination and (b) prepare and file opposition to Travelers' motion in a nefarious plot to contravene the Expert Orders and submit an untimely expert report. Such statements are nothing more than a theatrical attempt to paint Sergeant as a bad actor for purposes of the current motion. Although the Court and Travelers graciously indulged several extension requests from Sergeant's former counsel, Mr. Ferriero, those requests were, in most instances, necessitated by Mr. Ferriero's criminal proceedings and serious family issues with

which counsel for Travelers is well aware.[3] Although Sergeant is requesting that the Court consider Mr. Booth's expert opinions in opposition to Travelers' summary judgment motion for the reasons stated herein, there is no basis to suggest that these previous extension requests were part of a designed plot to create an opportunity to submit Mr. Booth's affidavit.

### III. The Factors Established by *Nicholas v. Pa. State Univ.* Clarify That Exclusion of Mr. Booth's Opinions is Not Warranted.

For the reasons stated in Point I above, the Expert Orders and Mr. Ferriero's waiver of expert discovery should not be viewed as a disclosure deadline for expert testimony, but, even if the Court were to view it as such, it is clear that Sergeant's nondisclosure does not warrant exclusion in the present instance based on the factors provided in *Nicholas v. Pa. State Univ.* In *Nicholas*, the Third Circuit established the following four factors relevant to determining whether certain evidence should be excluded due to prior non-disclosure: "(1) the prejudice or surprise of the party against whom the excluded evidence would have been admitted; (2) the ability of the party to cure the prejudice; (3) the extent to which allowing the evidence would disrupt the orderly and efficient trial of the case or other cases in the court; and (4) bad faith or willfulness in failing to comply with a court order or discovery obligation." *Nicholas*, 227 F.3d 133, 148 (3d Cir. 2000).

First and foremost, admission of Mr. Booth's affidavit will not prejudice Travelers. Mr. Booth's report is essentially a rebuttal to the testimony already provided by Travelers' witness, Mr. Harris, who is essentially an in-house expert for Travelers. Mr. Booth's seven-page affidavit[4] relies only on documents and testimony that are already in the record. Accordingly,

---

[3] By way of example, the July 31, 2014 letter from Mr. Ferriero requesting postponement of Travelers summary judgment motion specifically explains that the request was made for "personal family issues". Further, it is unsavory, at best, for Travelers to concede that it often consented to extension requests made by Sergeant while simultaneously denigrating the basis upon which those requests were made.

[4] Mr. Booth's affidavit includes two pages on his qualifications.

{10002-10002-1/00184579-1}  5

Travelers is already well-positioned to respond to Mr. Booth's affidavit and Sergeant's arguments related thereto by reference to Mr. Harris' existing deposition testimony.

Second, to the extent Travelers has suffered any prejudice by the admission of Mr. Booth's affidavit, such prejudice may be easily cured by conducting a brief deposition of Mr. Booth and/or submission of a rebuttal affidavit by Mr. Harris, which could be included with Travelers' reply in support of its motion.

Third, admitting Mr. Booth's affidavit and/or testimony will not disrupt the orderly and efficient trial of this case. Travelers' motion for summary judgment is still pending as is Travelers' opportunity to submit a reply brief in response to Sergeant's opposition to that motion. Should the Court choose to consider Mr. Booth's affidavit and Sergeant's opposition, it could provide sufficient time in scheduling Travelers' reply papers to allow for any limited additional discovery.

Lastly, there is no bad faith or willfulness in Sergeant's failing to comply with existing Expert Orders. For the reasons stated in Point I, the need to expert discovery only arose after conducting additional fact discovery subsequent to those orders, and it would be unjust consider those orders a bar to such evidence.

### IV. Imposing Sanctions Against Sergeant or Mr. Ferriero Would be Patently Unjust.

For the reasons stated in Point I above, it would be unjust to consider the Expert Orders and Mr. Ferriero's apparent waiver of expert discovery as a bar to expert testimony, and it would be doubly unjust to impose sanctions on Sergeant or Mr. Ferriero for seeking to introduce expert testimony in such a circumstance even where the submission is somewhat untimely.

## CONCLUSION

The unusual procedural circumstances that surround this litigation strongly suggest that the Court should exercise its discretion to relax its prior Expert Orders and to consider Mr. Booth's affidavit and Sergeant's opposition to Travelers' motion for summary judgment. Having spent so much time managing the conduct of this case, the Court should strive to reach a conclusion *on the merits* of each party's arguments and not based on such procedural deficiencies. In *Kennedy v. Aro, Inc.*, 447 F. Supp. 1083 (E.D. Tenn. 1977), the court stated that "it is contrary to the spirit of the Federal Rules of Civil Procedure for decisions on the merits to be avoided on the basis of mere technicalities." *Id.* at 1088. The court noted that "[t]he Federal Rules of Civil Procedure are designed to prevent federal civil [practice from] becoming . . . 'a game of skill in which one misstep by counsel may be decisive to the outcome . . . [and] . . . to facilitate a proper decision on the merits.'" *Id.* at 1089 (quoting *Conley v. Gibson*, 355 U.S. 41, 48 (1957)); *accord. Cross v. Fong Eu*, 430 F. Supp. 1036, 1042 n. 8 (N.D. Cal. 1977). Similarly, the Court should strive to reach a decision on the merits in this case.

Dated: July 10, 2015

                                               */s/ Eric E. Tomaszewski*
                                               Eric E. Tomaszewski
                                               **GOLUB ISABEL & CERVINO, P.C.**
                                               160 Littleton Road, Suite 300
                                               Parsippany, New Jersey 07054
                                               Tel:  973.968.3377
                                               Fax: 973.968.3044
                                               Attorneys for Plaintiff
                                               E.M. Sergeant Pulp & Chemical Co., Inc.