# EXHIBIT C



# GRAHAM CURTIN
### A Professional Association

JOHN MALONEY
Direct Dial 973-401-7143
jmaloney@GrahamCurtin.com

February 20, 2013

**VIA ELECTRONIC AND REGULAR MAIL**
Joseph A. Ferriero, Esq.
Joseph A. Ferriero, P.C.
50 Main Street, Suite 6
Hackensack, New Jersey 07601

> Re:   E.M. Sergeant Pulp & Chemical Co., Inc., et al. v.
> Travelers Insurance Company Inc., et al.
> Case No.: 2:12-CV-1741 (FSH) (PS)

Dear Mr. Ferriero:

As you know, this firm represents defendant The Travelers Indemnity Company ("Travelers") in the above-referenced matter. Enclosed please find a copy of Travelers Responses and Objections to Plaintiffs' First Set of Interrogatories and Responses and Objections to Plaintiffs' First Request for Production of Documents and Items to Travelers.

Please do not hesitate to contact me should you have any questions.

With kind regards,

JOHN MALONEY

Enclosures

4 Headquarters Plaza • P.O. Box 1991 • Morristown • New Jersey 07962-1991
T  973.292.1700 • F  973.292.1767 • GrahamCurtin.com

GRAHAM CURTIN
A Professional Association
4 Headquarters Plaza
P.O. Box 1991
Morristown, New Jersey 07962-1991
(973) 292-1700
Attorneys for Defendant
The Travelers Indemnity Company

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

|  |  |  |
|---|---|---|
| E.M. SERGEANT PULP & CHEMICAL CO., INC. AND SERGEANT CHEMICAL COMPANY, | : : : : | Civil Action No. 2:12-cv-1741 (FSH) (PS) Hon. Faith S. Hochberg, U.S.D.J. Hon. Patty Shwartz, U.S.M.J. |
| Plaintiffs, | : : | |
| v. | : : | TRAVELERS RESPONSES AND OBJECTIONS TO PLAINTIFF'S FIRST SET OF INTERROGATORIES |
| THE TRAVELERS INDEMNITY COMPANY and COLUMBIA INSURANCE COMPANY, | : : : : | |
| Defendants. | : | |

TO:     Joseph A. Ferriero, Esq.
        Joseph A. Ferriero, P.C.
        50 Main Street, Suite 6
        Hackensack, New Jersey  07601


        Defendant The Travelers Indemnity Company ("Travelers") hereby responds to

Plaintiff E.M. Sergeant Pulp & Chemical Company, Inc.'s ("Plaintiff" or "Sergeant") First Set of

Interrogatories, dated January 9, 2013 (the "Interrogatories"), as follows:

<u>INTRODUCTORY STATEMENT AND OBJECTIONS</u>

1.    The objections and statements set forth in this section apply to each of Plaintiff's Interrogatories and are not necessarily repeated in response to each individual Interrogatory. The assertion of the same, similar or additional objections in Travelers specific objections to individual Interrogatories or the failure to assert any additional objection to a Interrogatory does not waive any of Travelers objections set forth in this section or the following sections.

2.    Travelers generally objects to these Interrogatories to the extent that they seek information or documents protected from discovery by the attorney-client privilege, attorney work product doctrine, the joint defense privilege or any other applicable privilege, doctrine or protection. Nothing contained in these objections is intended as, or shall in any way be deemed, a waiver of any attorney-client privilege, any work product privilege, joint defense privilege or any other applicable privilege, doctrine or protection.

3.    Travelers generally objects to these Interrogatories to the extent they seek information containing trade secrets or other confidential or proprietary business information of Travelers or any third parties.

4.    Travelers generally objects to these Interrogatories to the extent they seek information and/or documents not in the possession, custody or control of Travelers.

5.    Travelers generally objects to these Interrogatories to the extent they seek information that is not relevant to the subject matter of this litigation nor reasonably calculated to lead to the discovery of admissible evidence.

6.    Travelers generally objects to these Interrogatories to the extent that they are unlimited in time or otherwise not limited to a time frame relevant to this litigation. Travelers further objects to these Interrogatories on the grounds that they are overly broad, unduly

2

burdensome and seek information that is neither relevant to the subject matter of this litigation nor reasonably calculated to lead to the discovery of admissible evidence.

7.    Travelers generally objects to these Interrogatories to the extent they seek information or documents relating to insurance issued to, or claims made by or against, or payments made by or to, any putative insured or putative policyholder of Travelers other than Plaintiff on the grounds that such information is irrelevant to the subject matter in the pending action and not reasonably calculated to lead to the discovery of admissible evidence. With respect to information relating to other insureds or their policies, Travelers further objects that requiring the disclosure of such information would impose extraordinary burdens on Travelers and that such information is privileged, confidential, proprietary and/or otherwise protected.

8.    Travelers generally objects to these Interrogatories to the extent they seek information or documents with respect to topics that are unrelated to the claims set forth in Plaintiff's Complaint (and any amendments thereto) on the ground that such information is irrelevant to the subject matter involved in the pending litigation and not reasonably calculated to lead to the discovery of admissible evidence.

9.    Travelers generally objects to these Interrogatories to the extent they seek information that may be derived or ascertained from documents already within Plaintiff's knowledge, possession and/or control, or from documents obtainable with equal or greater facility by Plaintiff.

10.    Travelers generally objects to these Interrogatories to the extent they seek information or documents relating to Travelers reinsurance arrangements or communications with reinsurers on the following grounds:

    (1) such Interrogatories are overly broad, unduly burdensome and oppressive;

3

(2) such Interrogatories seek information neither relevant to the subject matter of this action nor reasonably calculated to lead to discovery of admissible evidence; (3) to the extent that such Interrogatories relate to insureds other than Plaintiff, such Interrogatories seek information that is privileged, confidential and/or proprietary; (4) to the extent Travelers communicated with its reinsurers in the context of, or in anticipation of, litigation, such communications are privileged from discovery under the attorney-client privilege, the work product doctrine and other applicable privileges or protections; and (5) such Interrogatories seek proprietary information regarding third parties that are not subject to the present litigation.

11.     Travelers generally objects to these Interrogatories to the extent they seek information or documents that were prepared, generated or received in anticipation of, or after the commencement of, this litigation and/or any related litigation.

12.     Travelers responses are based upon information and documents known or believed to exist by Travelers at the time of answering these Interrogatories. Travelers reserves the right to amend these responses if it learns of new information through discovery or otherwise, and will supplement these responses to the extent required.

13.     Travelers objects to these Interrogatories to the extent they purport to impose a duty or obligation upon Travelers that conflicts with the Federal Rules of Civil Procedure, the Local Civil Rules of the United States District Court for the District of New Jersey, any applicable court orders and/or are vague or ambiguous.

14.    Any and all documents referred to or produced by Travelers pursuant to these Interrogatories are expressly subject to any confidentiality agreements and/or protective orders entered or to be entered in this action.

15.    Travelers objects to these Interrogatories to the extent they seek information or documents relating to any insurance policies other than general liability policies on the grounds that such information or documents are irrelevant to the subject matter in the pending action and not reasonably calculated to lead to the discovery of admissible evidence.

16.    The fact that Travelers states that it will produce any non-objectionable and non-privileged documents or information does not mean that it has determined that such documents or information exists. By referring Plaintiff to documents, Travelers does not concede the admissibility or relevance of any document produced or that the document is original, true, accurate, complete or authentic. Travelers reserves the right to challenge the competency, relevancy, materiality and admissibility of, or to object on any ground to, the use of any information set forth herein or documents produced in any subsequent proceeding or the trial of this matter.

## OBJECTIONS TO INSTRUCTIONS

Travelers generally objects to the Instructions to the extent they seek to impose a duty or obligation upon Travelers that conflicts with or exceeds that imposed by the Federal Rules of Civil Procedure, the Local Civil Rules of the United States District Court for the District of New Jersey or any applicable court order and/or they are vague or ambiguous.

5

## RESERVATION OF RIGHTS

Travelers objections and responses are based on information now known to Travelers.  Travelers reserves the right to amend, modify or supplement its objections and responses if it learns of new information.  Travelers reserves its right to introduce at trial any documents, information, or other evidence that may be responsive to these Interrogatories, though not provided in response to these Interrogatories, based upon further review of the information generated, discovered or disclosed in the course of this litigation.  No incidental or implied omissions are intended by the responses herein.  The fact that Travelers has objected to or otherwise responded to any Interrogatory is not intended as an admission that Travelers accepts or admits the existence of any facts set forth or assumed by such Interrogatory, that the information being sought by such Interrogatory is relevant or material, or that such objection or response constitutes admissible evidence.  Travelers reserves its rights to object to the admission in evidence of any and all of the information or documents referred to or made available in response to these Interrogatories on any ground, including, without limitation, its irrelevance or immateriality to the issues in this litigation.

## RESPONSES AND OBJECTIONS TO INTERROGATORIES

1.      Identify all persons having relevant knowledge of any facts and/or information relating to this litigation, and indicate whether or not written or recorded statements have been taken from said persons and indicate who has possession of such statements.

RESPONSE:  Travelers objects to this Interrogatory on the grounds that it is overly broad, unduly burdensome and seeks information neither relevant to the claims or defenses at issue in this litigation nor reasonably calculated to lead to the discovery of admissible evidence.  Travelers also objects to this Interrogatory to the extent it seeks information that is protected by the attorney-client privilege, attorney work product doctrine, or any other legal basis upon which

6

a claim for privilege may be asserted. Travelers further objects to this Interrogatory as vague and ambiguous in its entirety. Travelers additionally objects to this Interrogatory as seeking information that may be derived or ascertained from information and documents already within Plaintiff's knowledge, possession and/or control, or from information and documents obtainable with equal or greater facility by Plaintiff. Travelers further objects to this Interrogatory to the extent it calls for a legal conclusion.

Subject to and without waiving the foregoing objections, Travelers responds that the following persons likely possess knowledge of facts relevant to this matter: Albert Reisch and Scott Reisch. In addition, Travelers employees Robert J. Harris and Mark Esposito possess knowledge of facts relevant to this litigation. Other than transcripts of depositions taken in this matter, Travelers is not aware of any written or recorded statements taken from these individuals relevant to the subject matter of this litigation. Travelers reserves the right to supplement this response.

2.    Set forth the facts and circumstances which support each and every defense you assert.

RESPONSE: Travelers objects to this Interrogatory on the grounds that it is overly broad, unduly burdensome and seeks information neither relevant to the claims or defenses at issue in this litigation nor reasonably calculated to lead to the discovery of admissible evidence. Travelers also objects to this Interrogatory to the extent it seeks information that is protected by the attorney-client privilege, attorney work product doctrine, or any other legal basis upon which a claim for privilege may be asserted. Travelers further objects to this Interrogatory as vague and ambiguous in its entirety. Travelers also objects to this Interrogatory to the extent it calls for a legal conclusion.

1655141_2

Subject to and without waiving the foregoing objections, Travelers refers to its Answer to the Complaint, the transcripts of depositions taken in this matter and the relevant, non-privileged portions of the documents which Travelers has produced, as well as the documents produced by Plaintiff and any third parties.

3.      Indentify all persons having knowledge of any facts and/or information that you are relying on in support of your defense, and indicate whether or not written or recorded statements have been taken from said persons and indicate who has possession of such statements.

RESPONSE:   Travelers refers to its objections and response to Interrogatory no. 1.

4.      Identify any past or present representatives, employees and/or agents of Travelers who had any conversations, contact, meetings, dealings and/or knowledge or involvement with the issuance of any polices to Sergeant from 1942 through 1984. Please specify the dates of contact as specifically as possible. Please provide contact information or last known address and telephone numbers for named persons.

RESPONSE:   Travelers objects to this Interrogatory on the grounds that it is overly broad, unduly burdensome and seeks information neither relevant to the claims or defenses at issue in this litigation nor reasonably calculated to lead to the discovery of admissible evidence. Travelers also objects to this Interrogatory to the extent it seeks information that is protected by the attorney-client privilege, attorney work product doctrine, or any other legal basis upon which a claim for privilege may be asserted. Travelers further objects to this Interrogatory as vague and ambiguous in its entirety. Travelers additionally objects to this Interrogatory as seeking information that may be derived or ascertained from information and documents already within Plaintiff's knowledge, possession and/or control, or from information and documents obtainable with equal or greater facility by Plaintiff.

Subject to and without waiving the foregoing objections, Travelers responds that, apart from correspondence between Travelers and Plaintiff's attorneys relating to policies

8

allegedly issued by Travelers to Plaintiff, Travelers is not aware of communications with

Plaintiff concerning the issuance of policies to Plaintiff between 1942 and 1984.

     5.    Identify any past or present brokers or agents whom you are aware that had any conversations, contact, meetings, dealings and or knowledge or involvement with the issuance of any policies to Sergeant from 1942 through 1984. Please specify the dates of contact as specifically as possible. Please provide contact information or last known address and telephone numbers for named persons.

RESPONSE: Travelers objects to this Interrogatory on the grounds that it is overly

broad, unduly burdensome and seeks information neither relevant to the claims or defenses at

issue in this litigation nor reasonably calculated to lead to the discovery of admissible evidence.

Travelers also objects to this Interrogatory to the extent it seeks information that is protected by

the attorney-client privilege, attorney work product doctrine, or any other legal basis upon which

a claim for privilege may be asserted. Travelers further objects to this Interrogatory as vague

and ambiguous in its entirety. Travelers additionally objects to this Interrogatory as seeking

information that may be derived or ascertained from information and documents already within

Plaintiff's knowledge, possession and/or control, or from information and documents obtainable

with equal or greater facility by Plaintiff.

     Subject to and without waiving the foregoing objections, Travelers responds that

it is not aware of communications with brokers or agents concerning the issuance of policies to

Plaintiff between 1942 and 1984.

     6.    Identify any past or present representatives, employees and or agents of Travelers who had any involvement with the denial of coverage to Sergeant for claims involving insurance policies effective from various dates from 1942 through 1984. Please provide contact information or last known address and telephone numbers for named persons above.

RESPONSE: Travelers objects to this Interrogatory on the grounds that it is overly

broad, unduly burdensome and seeks information neither relevant to the claims or defenses at

9

issue in this litigation nor reasonably calculated to lead to the discovery of admissible evidence. Travelers also objects to this Interrogatory to the extent it seeks information that is protected by the attorney-client privilege, attorney work product doctrine, or any other legal basis upon which a claim for privilege may be asserted. Travelers further objects to this Interrogatory insofar as the phrase "denial of coverage" is vague and ambiguous. Travelers also objects to this Interrogatory as argumentative and to the extent it assumes that any insurance policies "effective from various dates from 1942 through 1984" under which Plaintiff has any rights were issued by Travelers. Travelers additionally objects to this Interrogatory as seeking information that may be derived or ascertained from information and documents already within Plaintiff's knowledge, possession and/or control, or from information and documents obtainable with equal or greater facility by Plaintiff. Travelers further objects to this Interrogatory to the extent it calls for a legal conclusion.

Subject to and without waiving the foregoing objections, Travelers responds that it did not decline coverage to Plaintiff for any alleged policies allegedly issued by Travelers and potentially in effect between 1942 and 1984.

7.    Provide the policy number, effective dates, named broker or agent, policy type (i.e. general liability), premium amounts and policy limits for any policy in which Sergeant is a named insured from 1942 through 1984.

RESPONSE:   Travelers objects to this Interrogatory on the grounds that it is overly broad, unduly burdensome and seeks information neither relevant to the claims or defenses at issue in this litigation nor reasonably calculated to lead to the discovery of admissible evidence. Travelers also objects to this Interrogatory to the extent it seeks information that is protected by the attorney-client privilege, attorney work product doctrine, or any other legal basis upon which a claim for privilege may be asserted. Travelers additionally objects to this Interrogatory as

10

seeking information that may be derived or ascertained from information and documents already within Plaintiff's knowledge, possession and/or control, or from information and documents obtainable with equal or greater facility by Plaintiff. Travelers further objects to this Interrogatory to the extent it calls for a legal conclusion.

Subject to and without waiving the foregoing objections, Travelers responds that it has no record of any policies issued by Travelers and potentially in effect between 1942 and 1984 under which Plaintiff is a named insured.

8.    In conjunction the request contained above, please indicate the effective dates, named broker or agent, policy type (i.e. general liability), premium amounts and policy limits for the below items in which it is believed that Sergeant is a named insured.

| Policy Number | Approx. Date in Existence |
|---|---|
| UB2458520 | Dec. 1947-Dec. 1948 |
| 454333/62095 | Oct. 1948-Mar. 1949 |
| DS646587 | Apr. 1948-Apr. 1949 |
| DS330528 | Apr. 1949-Apr. 1950 |
| HP81724 | Jan. 1949-Jan. 1950 |
| 454421 (Columbia) | Mar. 1949-Mar. 1952 |
| 395173 | 1949-1951 |
| 72718 | Mar. 1952-Mar. 1955 |
| KDS822846 | Apr. 1963-Apr. 1964 |
| KDS179924 | 1963-1964 |
| KDS1747699 | 1964-1968 |
| DS179924 | 1964-1968 |
| 650-158K963-6 | 1990s (Note date beyond 1984 for this policy) |
| 660-158K6068 | 1990s (Note date beyond 1984 for this policy) |

RESPONSE:  Travelers objects to this Interrogatory as vague and ambiguous in its entirety. Travelers further objects to this Interrogatory on the grounds that it is overly broad, unduly burdensome and seeks information neither relevant to the claims or defenses at issue in this litigation nor reasonably calculated to lead to the discovery of admissible evidence. Travelers also objects to this Interrogatory to the extent it seeks information that is protected by the attorney-client privilege, attorney work product doctrine, or any other legal basis upon which

11

a claim for privilege may be asserted.  Travelers additionally objects to this Interrogatory as

seeking information that may be derived or ascertained from information and documents already

within Plaintiff's knowledge, possession and/or control, or from information and documents

obtainable with equal or greater facility by Plaintiff.  Travelers further objects to this

Interrogatory to the extent it calls for a legal conclusion.

       Subject to and without waiving the foregoing objections, Travelers responds that

it has no record of any policies issued by Travelers and potentially in effect between 1942 and

1984 under which Plaintiff is a named insured.  With respect to those policies with policy

numbers including, in part, "650-158K963-6" and "660-158K6068," Travelers refers to these

policies, the terms, conditions and exclusions of which speak for themselves.

    9.    Provide any record information, including but not limited to, policy number,
effective dates, named broker or agent, policy type (i.e. general liability), amounts and limits for
any policy known in excess of the Travelers' coverage in which Sergeant is a named insured
from 1942 through 1984.

RESPONSE:  Travelers objects to this Interrogatory as vague and ambiguous in its

entirety.  Travelers further objects to this Interrogatory on the grounds that it is overly broad,

unduly burdensome and seeks information neither relevant to the claims or defenses at issue in

this litigation nor reasonably calculated to lead to the discovery of admissible evidence.

Travelers also objects to this Interrogatory to the extent it seeks information that is protected by

the attorney-client privilege, attorney work product doctrine, or any other legal basis upon which

a claim for privilege may be asserted.  Travelers additionally objects to this Interrogatory as

seeking information that may be derived or ascertained from information and documents already

within Plaintiff's knowledge, possession and/or control, or from information and documents

12

1655141_2

obtainable with equal or greater facility by Plaintiff. Travelers further objects to this Interrogatory to the extent it calls for a legal conclusion.

Subject to and without waiving the foregoing objections, Travelers refers to its response to the preceding Interrogatory. Travelers further responds that it has no record of any umbrella or excess policies potentially in effect between 1942 and 1984 under which Plaintiff is a named insured.

10.    Please indicate if the following prefixes are/were utilized by, reflect or are associated with Travelers' [sic] and/or any of its affiliates, or any of its policies:
a.) KDS        b.) UB        c.) DS        d.) HP

RESPONSE:    Travelers objects to this Interrogatory on the grounds that it is overly broad, unduly burdensome and seeks information neither relevant to the claims or defenses at issue in this litigation nor reasonably calculated to lead to the discovery of admissible evidence. Travelers also objects to this Interrogatory to the extent it seeks information that is protected by the attorney-client privilege, attorney work product doctrine, or any other legal basis upon which a claim for privilege may be asserted. Travelers further objects insofar as the term "affiliates" is vague and ambiguous. Travelers additionally objects to this Interrogatory as seeking information that may be derived or ascertained from information and documents already within Plaintiff's knowledge, possession and/or control, or from information and documents obtainable with equal or greater facility by Plaintiff. Travelers further objects to this Interrogatory to the extent it calls for a legal conclusion.

Subject to and without waiving the foregoing objections, Travelers responds that the letters "KDS," "UB," "DS" and "HP" have been used in connection with policy numbers on policies issued by Travelers from time to time. Travelers further responds that it has no record of

any policies issued by Travelers with policy numbers incorporating the letters "KDS," "UB,"

"DS" or "HP" under which Plaintiff is a named insured.

      11.     Provide the full name of each expert you will call on to testify at the time of trial. For each expert, specify separately, in addition to the above, the expert's area of expertise, the expert's employer, if any, the expert's subject matter for testimony, the expert's opinions and conclusions and the grounds upon which same are based.

      <u>RESPONSE</u>:  Travelers objects to this Interrogatory on the grounds that it is overly

broad, unduly burdensome and seeks information neither relevant to the claims or defenses at

issue in this litigation nor reasonably calculated to lead to the discovery of admissible evidence.

Travelers also objects to this Interrogatory to the extent it seeks information that is protected by

the attorney-client privilege, attorney work product doctrine, or any other legal basis upon which

a claim for privilege may be asserted.  Travelers further objects to this Interrogatory on the

ground that the Interrogatory is premature and seeks information in a time and/or manner

inconsistent with Travelers obligations under the Federal Rules of Civil Procedure, the Local

Civil Rules of the United States District Court for the District of New Jersey and/or any

applicable court orders.

      Subject to and without waiving the foregoing objections, Travelers responds that,

at this time, discovery is ongoing in this case.  Therefore, Travelers has not yet retained any

experts to testify at the trial of this matter but reserves the right to do so.  Travelers reserves the

right to supplement this response.

As to objections:


Dated: February 20, 2013

John Maloney
GRAHAM CURTIN
A Professional Association
4 Headquarters Plaza
P.O. Box 1991
Morristown, New Jersey 07962-1991
(973) 292-1700

Attorneys for Defendant
The Travelers Indemnity Company

15

<u>CERTIFICATION</u>

I, Robert J. Harris, am a Second Vice President of The Travelers Indemnity

Company and hereby certify that I am authorized to sign this certification on behalf of The

Travelers Indemnity Company, that while I do not have personal knowledge of the facts recited

in Travelers Responses and Objections to Plaintiff's First Set of Interrogatories, I have been

informed that the responses are based on information collected by others at or on behalf of The

Travelers Indemnity Company, and said responses are true to the best of my knowledge,

information and belief.

 

ROBERT J. HARRIS

Dated: February **15**, 2013

16

1655141_2

GRAHAM CURTIN
A Professional Association
4 Headquarters Plaza
P.O. Box 1991
Morristown, New Jersey 07962-1991
(973) 292-1700
Attorneys for Defendant
The Travelers Indemnity Company

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| E.M. SERGEANT PULP & CHEMICAL CO., INC. AND SERGEANT CHEMICAL COMPANY, | : : : : | Civil Action No. 2:12-cv-1741 (FSH) (PS) Hon. Faith S. Hochberg, U.S.D.J. Hon. Patty Shwartz, U.S.M.J. |
| Plaintiffs, | : : | |
| v. | : : | TRAVELERS RESPONSES AND OBJECTIONS TO PLAINTIFF'S |
| THE TRAVELERS INDEMNITY COMPANY and COLUMBIA INSURANCE COMPANY, | : : : | FIRST REQUEST FOR PRODUCTION OF DOCUMENTS AND ITEMS |
| Defendants. | : : : | |

TO:    Joseph A. Ferriero, Esq.
       Joseph A. Ferriero, P.C.
       50 Main Street, Suite 6
       Hackensack, New Jersey  07601

Defendant The Travelers Indemnity Company ("Travelers") hereby responds to

Plaintiff E.M. Sergeant Pulp & Chemical Company, Inc.'s ("Plaintiff" or "Sergeant") First

Request for Production of Documents and Items to Travelers, dated January 9, 2013 (the

"Requests"), as follows:

1659934_3

## INTRODUCTORY STATEMENT AND OBJECTIONS

1.    The objections and statements set forth in this section apply to each of Plaintiff's Requests and are not necessarily repeated in response to each individual Request. The assertion of the same, similar or additional objections in Travelers specific objections to individual Requests or the failure to assert any additional objection to a Request does not waive any of Travelers objections set forth in this section or the following sections.

2.    Travelers generally objects to these Requests to the extent that they seek information or documents protected from discovery by the attorney-client privilege, attorney work product doctrine, the joint defense privilege or any other applicable privilege, doctrine or protection. Nothing contained in these objections is intended as, or shall in any way be deemed, a waiver of any attorney-client privilege, any work product privilege, joint defense privilege or any other applicable privilege, doctrine or protection.

3.    Travelers generally objects to these Requests to the extent they seek information containing trade secrets or other confidential or proprietary business information of Travelers or any third parties.

4.    Travelers generally objects to these Requests to the extent they seek information and/or documents not in the possession, custody or control of Travelers.

5.    Travelers generally objects to these Requests to the extent they seek information that is not relevant to the subject matter of this litigation nor reasonably calculated to lead to the discovery of admissible evidence.

6.    Travelers generally objects to these Requests to the extent that they are unlimited in time or otherwise not limited to a time frame relevant to this litigation. Travelers further objects to these Requests on the grounds that they are overly broad, unduly burdensome and seek

1659934_3

information that is neither relevant to the subject matter of this litigation nor reasonably calculated to lead to the discovery of admissible evidence.

7.    Travelers generally objects to these Requests to the extent they seek information or documents relating to insurance issued to, or claims made by or against, or payments made by or to, any putative insured or putative policyholder of Travelers other than Plaintiff on the grounds that such information is irrelevant to the subject matter in the pending action and not reasonably calculated to lead to the discovery of admissible evidence.  With respect to information relating to other insureds or their policies, Travelers further objects that requiring the disclosure of such information would impose extraordinary burdens on Travelers and that such information is privileged, confidential, proprietary and/or otherwise protected.

8.    Travelers generally objects to these Requests to the extent they seek information or documents with respect to topics that are unrelated to the claims set forth in Plaintiff's Complaint (and any amendments thereto) on the ground that such information is irrelevant to the subject matter involved in the pending litigation and not reasonably calculated to lead to the discovery of admissible evidence.

9.    Travelers generally objects to these Requests to the extent they seek information that may be derived or ascertained from documents already within Plaintiff's knowledge, possession and/or control, or from documents obtainable with equal or greater facility by Plaintiff.

10.    Travelers generally objects to these Requests to the extent they seek information or documents relating to Travelers reinsurance arrangements or communications with reinsurers on the following grounds:

(1) such Requests are overly broad, unduly burdensome and oppressive;

1659934_3

(2) such Requests seek information neither relevant to the subject matter of this action nor reasonably calculated to lead to discovery of admissible evidence;

(3) to the extent that such Requests relate to insureds other than Plaintiff, such Requests seek information that is privileged, confidential and/or proprietary;

(4) to the extent Travelers communicated with its reinsurers in the context of, or in anticipation of, litigation, such communications are privileged from discovery under the attorney-client privilege, the work product doctrine and other applicable privileges or protections; and

(5) such Requests seek proprietary information regarding third parties that are not subject to the present litigation.

11.    Travelers generally objects to these Requests to the extent they seek information or documents that were prepared, generated or received in anticipation of, or after the commencement of, this litigation and/or any related litigation.

12.    Travelers responses are based upon information and documents known or believed to exist by Travelers at the time of answering these Requests. Travelers reserves the right to amend these responses if it learns of new information through discovery or otherwise, and will supplement these responses to the extent required.

13.    Travelers objects to these Requests to the extent they purport to impose a duty or obligation upon Travelers that conflicts with the Federal Rules of Civil Procedure, the Local Civil Rules of the United States District Court for the District of New Jersey, any applicable court orders and/or are vague or ambiguous.

14.    Any and all documents referred to or produced by Travelers pursuant to these Requests are expressly subject to any confidentiality agreements and/or protective orders entered or to be entered in this action.

15.    Travelers objects to these Requests to the extent they seek information or documents relating to any insurance policies other than general liability policies on the grounds that such information or documents are irrelevant to the subject matter in the pending action and not reasonably calculated to lead to the discovery of admissible evidence.

16.    The fact that Travelers states that it will produce any non-objectionable and non-privileged documents or information does not mean that it has determined that such documents or information exists.  By referring Plaintiff to documents, Travelers does not concede the admissibility or relevance of any document produced or that the document is original, true, accurate, complete or authentic.  Travelers reserves the right to challenge the competency, relevancy, materiality and admissibility of, or to object on any ground to, the use of any information set forth herein or documents produced in any subsequent proceeding or the trial of this matter.

## OBJECTIONS TO INSTRUCTIONS

Travelers generally objects to the Instructions to the extent they seek to impose a duty or obligation upon Travelers that conflicts with or exceeds that imposed by the Federal Rules of Civil Procedure, the Local Civil Rules of the United States District Court for the District of New Jersey or any applicable court order and/or they are vague or ambiguous.

## RESERVATION OF RIGHTS

Travelers objections and responses are based on information now known to Travelers. Travelers reserves the right to amend, modify or supplement its objections and responses if it learns of new information. Travelers reserves its right to introduce at trial any documents, information, or other evidence that may be responsive to these Requests, though not provided in response to these Requests, based upon further review of the information generated, discovered or disclosed in the course of this litigation. No incidental or implied omissions are intended by the responses herein. The fact that Travelers has objected to or otherwise responded to any Request is not intended as an admission that Travelers accepts or admits the existence of any facts set forth or assumed by such Request, that the information being sought by such Request is relevant or material, or that such objection or response constitutes admissible evidence. Travelers reserves its rights to object to the admission in evidence of any and all of the information or documents referred to or made available in response to these Requests on any ground, including, without limitation, its irrelevance or immateriality to the issues in this litigation.

## RESPONSES AND OBJECTIONS TO REQUESTS

1.    Any and all documents identified, relied upon and referenced in your Answer.

RESPONSE:   Travelers objects to this Request on the grounds that it is overly broad, unduly burdensome and seeks information neither relevant to the claims or defenses at issue in this litigation nor reasonably calculated to lead to the discovery of admissible evidence. Travelers also objects to this Request to the extent it seeks information that is protected by the attorney-client privilege, attorney work product doctrine, or any other legal basis upon which a claim for privilege may be asserted.

1659934_3

Subject to and without waiving the foregoing objections, Travelers responds that it will produce and/or has produced any and all relevant, non-privileged documents responsive to this Request.

2.      Any and all documents identified, relied upon and referenced in responding to the First Set of Interrogatories to Defendant The Travelers Indemnity Company.

RESPONSE:  Travelers objects to this Request on the grounds that it is overly broad, unduly burdensome and seeks information neither relevant to the claims or defenses at issue in this litigation nor reasonably calculated to lead to the discovery of admissible evidence. Travelers also objects to this Request to the extent it seeks information that is protected by the attorney-client privilege, attorney work product doctrine, or any other legal basis upon which a claim for privilege may be asserted.

Subject to and without waiving the foregoing objections, Travelers responds that it will produce and/or has produced any and all relevant, non-privileged documents responsive to this Request.

3.      Any and all copies of any policies and associated documents, including but not limited to, riders, amendments, addendums, cover pages, broker/agent information, policy limit information and signature pages, related to any policies where Sergeant is a named insured from 1942 through 1984.

RESPONSE:  Travelers objects to this Request on the grounds that it is overly broad, unduly burdensome and seeks information neither relevant to the claims or defenses at issue in this litigation nor reasonably calculated to lead to the discovery of admissible evidence. Travelers also objects to this Request to the extent it seeks information that is protected by the attorney-client privilege, attorney work product doctrine, or any other legal basis upon which a

claim for privilege may be asserted. Travelers further objects to this Request as vague and ambiguous in its entirety.

Subject to and without waiving the foregoing objections, Travelers responds that it is not in possession of any documents responsive to this Request. Travelers reserves the right to amend this response if it learns of new information through discovery or otherwise, and will supplement this response to the extent required.

4.    In conjunction with the request contained in number 3 above, the following named policies and associated documents, including but not limited to, riders, amendments, addendums, cover pages, broker/agent information, policy limit information and signature pages:

| Policy Number | Approx. Date in Existence |
| --- | --- |
| UB2458520 | Dec. 1947-Dec. 1948 |
| 454333/62095 | Oct. 1948-Mar. 1949 |
| DS646587 | Apr. 1948-Apr. 1949 |
| DS330528 | Apr. 1949-Apr. 1950 |
| HP81724 | Jan. 1949-Jan. 1950 |
| 454421 (Columbia) | Mar. 1949-Mar. 1952 |
| 395173 | 1949-1951 |
| 72718 | Mar. 1952-Mar. 1955 |
| KDS822846 | Apr. 1963-Apr. 1964 |
| KDS179924 | 1963-1964 |
| KDS1747699 | 1964-1968 |
| DS179924 | 1964-1968 |
| 650-158K963-6 | 1990s (Note date beyond 1984 for this policy) |
| 660-158K6068 | 1990s (Note date beyond 1984 for this policy) |

RESPONSE:   Travelers objects to this Request on the grounds that it is overly broad, unduly burdensome and seeks information neither relevant to the claims or defenses at issue in this litigation nor reasonably calculated to lead to the discovery of admissible evidence. Travelers also objects to this Request to the extent it seeks information that is protected by the attorney-client privilege, attorney work product doctrine, or any other legal basis upon which a claim for privilege may be asserted. Travelers further objects to this Request as vague and ambiguous in its entirety. Travelers additionally objects to this Request as seeking information

or documents that may be derived or ascertained from information and documents already within Plaintiff's knowledge, possession and/or control, or from information and documents obtainable with equal or greater facility by Plaintiff. Travelers further objects to this Request to the extent it calls for a legal conclusion.

Subject to and without waiving the foregoing objections, Travelers responds that policies with policy numbers including, in part, "650-158K963-6" and "660-158K6068" were issued by Travelers to Sergeant in the 1990s. Travelers will produce and/or has produced copies of these policies. Travelers further responds that, apart from these policies, Travelers is not in possession of any other documents responsive to this Request. Travelers reserves the right to amend this response if it learns of new information through discovery or otherwise, and will supplement this response to the extent required.

5.      Any and all communications between you and Sergeant which refer or relate in any way to the insurance policies.

RESPONSE:   Travelers objects to this Request on the grounds that it is overly broad, unduly burdensome and seeks information neither relevant to the claims or defenses at issue in this litigation nor reasonably calculated to lead to the discovery of admissible evidence. Travelers also objects to this Request to the extent it seeks information that is protected by the attorney-client privilege, attorney work product doctrine, or any other legal basis upon which a claim for privilege may be asserted. Travelers further objects to this Request on the ground that the term "the insurance policies" is vague and ambiguous. Travelers additionally objects to this Request as seeking information or documents that may be derived or ascertained from information and documents already within Plaintiff's knowledge, possession and/or control, or from information and documents obtainable with equal or greater facility by Plaintiff.

Subject to and without waiving the foregoing objections, Travelers responds that it will produce and/or has produced any and all relevant, non-privileged documents responsive to this Request, including all correspondence between Travelers and Plaintiff's attorneys relating to policies allegedly issued by Travelers to Plaintiff.

6.      Any and all documents, letters and other related documentation related to any insurance policies in which Sergeant was a named insured for the period of 1942 through 1984.

RESPONSE:   Travelers objects to this Request on the grounds that it is overly broad, unduly burdensome and seeks information neither relevant to the claims or defenses at issue in this litigation nor reasonably calculated to lead to the discovery of admissible evidence. Travelers also objects to this Request to the extent it seeks information that is protected by the attorney-client privilege, attorney work product doctrine, or any other legal basis upon which a claim for privilege may be asserted. Travelers further objects to this Request as seeking information or documents that may be derived or ascertained from information and documents already within Plaintiff's knowledge, possession and/or control, or from information and documents obtainable with equal or greater facility by Plaintiff. Travelers additionally objects to this Request to the extent it calls for a legal conclusion.

Subject to and without waiving the foregoing objections, Travelers responds that it will produce and/or has produced any and all relevant, non-privileged documents responsive to this Request, including all correspondence between Travelers and Plaintiff's attorneys relating to policies allegedly issued by Travelers to Plaintiff.

7.      Any and all bills, billing/accounting statements, ledgers, checks or copies of checks relating to any insurance policies in which Sergeant was a named insured for the period of 1942 through 1984. This request includes documents or items that may have been sent to Sergeant or their agent/broker, as well as, internal documentation concerning payments due or received involving al [sic] policies in which Sergeant was named as an insured.

1659934_3

RESPONSE:   Travelers objects to this Request on the grounds that it is overly broad, unduly burdensome and seeks information neither relevant to the claims or defenses at issue in this litigation nor reasonably calculated to lead to the discovery of admissible evidence. Travelers also objects to this Request to the extent it seeks information that is protected by the attorney-client privilege, attorney work product doctrine, or any other legal basis upon which a claim for privilege may be asserted.   Travelers further objects to this Request as vague and ambiguous in its entirety.   Travelers additionally objects to this Request as seeking information or documents that may be derived or ascertained from information and documents already within Plaintiff's knowledge, possession and/or control, or from information and documents obtainable with equal or greater facility by Plaintiff.   Travelers further objects to this Request to the extent it calls for a legal conclusion.

Subject to and without waiving the foregoing objections, Travelers responds that it is not in possession of any documents responsive to this Request.   Travelers reserves the right to amend this response if it learns of new information through discovery or otherwise, and will supplement this response to the extent required.

8.      Any and all email messages whether printed or stored in a computer data base regarding the subject matter of this lawsuit.

RESPONSE:   Travelers objects to this Request on the grounds that it is overly broad, unduly burdensome and seeks information neither relevant to the claims or defenses at issue in this litigation nor reasonably calculated to lead to the discovery of admissible evidence. Travelers also objects to this Request to the extent it seeks information that is protected by the attorney-client privilege, attorney work product doctrine, or any other legal basis upon which a

claim for privilege may be asserted. Travelers further objects to this Request as vague and ambiguous in its entirety.

Subject to and without waiving the foregoing objections, Travelers responds that it will produce and/or has produced any and all relevant, non-privileged documents responsive to this Request.

9.    Any and all correspondence, policies, binders, declaration pages and documents between Defendants and broker/agents, including but not limited to W.M. Stake, Schiff Terhune and Alexander and Alexander, with respect to insurance policies naming Sergeant as an insured.

RESPONSE:   Travelers objects to this Request on the grounds that it is overly broad, unduly burdensome and seeks information neither relevant to the claims or defenses at issue in this litigation nor reasonably calculated to lead to the discovery of admissible evidence. Travelers also objects to this Request to the extent it seeks information that is protected by the attorney-client privilege, attorney work product doctrine, or any other legal basis upon which a claim for privilege may be asserted. Travelers further objects to this Request on the ground that the terms "Defendants" and "broker/agents" are vague and ambiguous. Travelers additionally objects to this Request as seeking information or documents that may be derived or ascertained from information and documents already within Plaintiff's knowledge, possession and/or control, or from information and documents obtainable with equal or greater facility by Plaintiff. Travelers further objects to this Request to the extent it calls for a legal conclusion.

Subject to and without waiving the foregoing objections, Travelers responds that it is not in possession of any documents responsive to this Request. Travelers reserves the right to amend this response if it learns of new information through discovery or otherwise, and will supplement this response to the extent required.

1659934_3

10.    Any and all written reports and curriculum vitae of any expert expected to be relied upon at the time of trial.

RESPONSE:    Travelers objects to this Request on the grounds that it is overly broad, unduly burdensome and seeks information neither relevant to the claims or defenses at issue in this litigation nor reasonably calculated to lead to the discovery of admissible evidence. Travelers also objects to this Request to the extent it seeks information that is protected by the attorney-client privilege, attorney work product doctrine, or any other legal basis upon which a claim for privilege may be asserted.  Travelers further objects to this Request on the ground that the Request is premature and seeks information in a time and/or manner inconsistent with Travelers obligations under the Federal Rules of Civil Procedure, the Local Civil Rules of the United States District Court for the District of New Jersey and/or any applicable court orders. Travelers also objects to this Request on the ground that the phrase "relied upon" is vague and ambiguous.

Subject to and without waiving the foregoing objections, Travelers responds that, at this time, discovery is ongoing in this case.  Therefore, Travelers has not yet retained any experts to testify at the trial of this matter but reserves the right to do so.  Travelers reserves the right to supplement this response.

Dated: February 20, 2013

John Maloney
GRAHAM CURTIN
A Professional Association
4 Headquarters Plaza
P.O. Box 1991
Morristown, New Jersey 07962-1991
(973) 292-1700

Attorneys for Defendant
The Travelers Indemnity Company

1659934_3